# United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| LEAF FUNDING, INC., | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| AMERIS BANCCORP, as successor to FIRST NAT'L BANC, INC., d/b/a FIRST NAT'L BANK OF ST. MARYS, GEORGIA, | : | |
| Defendant, | : | |
| v. | : | |
| JAMES R. JOHNIGEAN and JOSEPH A. JOHNIGEAN. | : | NO. CV206-60 |

## O R D E R

Plaintiff, Leaf Funding, Inc. ("Leaf Funding"), filed this diversity action against Defendant, Ameris Bancorp, as successor to First National Banc, Inc., d/b/a First National Bank of St. Marys, Georgia, ("First National"), alleging breach of contract. Presently before the Court is Leaf Funding's motion for summary judgment. Because the Court finds that

AO 72A
(Rev. 8/82)

there are no genuine issues in dispute, Leaf Funding's motion will be **GRANTED**.

**FACTS**

On February 9, 2005, First National entered into an agreement with Leaf Funding for the lease of six Copystar digital copiers. Pursuant to the terms of the agreement, First National agreed to make sixty-three (63) monthly payments in the amount of $2,595. The agreement further provided that upon default, Leaf Funding may, at its election, require First National to pay the present value of the unpaid balance plus the residual value of the copiers, discounted at an annual rate of 5%. The agreement also provided that Leaf Funding was entitled to recover attorney's fees in the collection of any outstanding amounts.

On December 16, 2005, First National merged with Ameris Bancorp ("Ameris"), with Ameris being the surviving entity. Thus, Ameris assumed the obligations of First National. To date, no payments have been made as required under the terms of the lease agreement.

As of June 9, 2006, lease payments and late charges totaling $45,537.40 had accrued and forty-eight (48) monthly

payments remained under the lease. The present value of the remaining lease payments is $ 2,595 each, discounted at 5% per annum, for a total sum of $112,682.71. The present residual value of the copiers at a rate of 5% annum is $21,248.14. Thus, the total outstanding damages accrued as of June 9, 2006, is $179,468.25, excluding reasonable attorney's fees. Leaf Funding further seeks to recover attorney's fees and litigation costs in the amount of $17,971.82.

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Sanders v. Lull Intern., Inc., 411 F.3d 1266, 1269 (11th Cir. 2005) (quoting Burton v. City of Belle Glade, 178 F.3d 1175, 1186-87 (11th Cir. 1999)). In so doing, all facts and reasonable inferences are to be construed in favor of the non-moving party. See United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L. Ed. 2d 176 (1962);

AO 72A
(Rev. 8/82)

Sweat v. Miller Brewing Co., 708 F.2d 655, 656 (11th Cir. 1983). The party opposed to the summary judgment motion, however, "may not rest upon the mere allegations or denials in its pleadings. Rather, its responses . . . must set forth specific facts showing that there is a genuine issue for trial." Walker v. Darby, 911 F.2d 1573, 1576-77 (11th Cir. 1990).

Summary judgment must be granted if the nonmoving party has failed to make a sufficient showing on an "an essential element of [its] case with respect to which [it] has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)).

AO 72A
(Rev. 8/82)

## II. Breach of Contract

The elements of a right to recover for a breach of contract under Georgia law are simply "the breach and the resultant damages to the party who has the right to complain about the contract being broken." Bartholomew v. AGL Resources, Inc., 361 F.3d 1333, 1339 (11th Cir. 2004) (quoting Budget Rent-A-Car of Atlanta, Inc. v. Webb, 220 Ga. App. 278, 469 S.E.2d 712, 713 (1996)). Therefore, to prevail on its breach of contract claim, Leaf Funding must prove that Ameris breached an enforceable agreement and that Leaf Funding suffered damage as a result of Ameris' breach.

It is undisputed that Ameris, as successor to First National, breached the terms of the lease agreement. Ameris admits that First National entered into a lease agreement with Leaf Funding for the lease of six Copystar digital copiers and that Leaf Funding funded the purchase of the copiers pursuant to the terms of the agreement. (See Def.'s Resp. To Pl.'s Summ. J. Mot. at 1.) Ameris further admits that neither First National nor Ameris, as First National's successor, have made any payments which have become due pursuant to the terms of the lease. (Id.) Finally, Ameris admits that Leaf Funding is

AO 72A
(Rev. 8/82)

entitled to recover reasonable attorney's fees and litigation costs in the amount of $17,971.82. (<u>Id.</u> at 2.)

Ameris has failed to assert <u>any</u> defense. Instead, Ameris requests that any judgment the Court enters against Ameris be also entered against Third Party Defendants, James R. Johnigean and Joseph A. Johnigean, jointly and severally, pursuant to an indemnification agreement.

The Court concludes that the request is unnecessary. By Order dated August 1, 2006, the Court entered judgment against Joseph A. Johnigean in favor of Ameris in the amount of $197,440.07. Further, entry of judgment against James R. Johnigean would be premature in light of Ameris' pending summary judgment motion against James R. Johnigean, filed on July 25, 2006.

## CONCLUSION

The Court has read and considered the positions of all parties to this action. For the reasons set forth above, Leaf Funding's Motion for Summary Judgment (Doc. No. 21) is **GRANTED**.

The Clerk is directed to enter judgment against Ameris in the amount of One Hundred Ninety-Seven Thousand Four Hundred

AO 72A
(Rev. 8/82)

Forty-Four and 7/100 ($197,440.07) Dollars to bear interest at the legal rate.

**SO ORDERED**, this 9th day of August, 2006.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)